1  Christine Pham, CA Bar # 227033
2  LEGAL HELPERS, P.C.
   260 California Street, Suite 801
3  San Francisco, CA 94111
   Tel: 866.339.1156
4  Fax: 312.822.1064
   Email: cph@legalhelpers.com
5  *Attorneys for Plaintiff Bonnie Hale*

FILED

E-filing

ADR

2010 OCT -4 P 2:

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CAL. SAN JOSE

6
7              UNITED STATES DISTRICT COURT
8            NORTHERN DISTRICT OF CALIFORNIA
                   SAN JOSE DIVISION
9  Bonnie J. Hale,                    Case No. CV 10- 4473

10        Plaintiff,                  COMPLAINT FOR DAMAGES
11                                    UNDER THE FAIR DEBT COLLECTION
   v.                                 PRACTICES ACT, ROSENTHAL FAIR
12                                    DEBT COLLECTION PRACTICES ACT,
   Northstar Location Services, LLC,  AND TELEPHONE CONSUMER
13                                    PROTECTION ACT
          Defendant.
14
15                                    DEMAND FOR JURY TRIAL
16
                        **PARTIES**
17
18  1.  Plaintiff is a natural person who resided in Palo Alto, California at all times relevant to this

19      action.

20  2.  Defendant is a New York limited liability company that maintained its principal place of

21      business in Cheektowaga, New York at all times relevant to this action.

22                      **JURISDICTION**

23
24  3.  Pursuant to 28 U.S.C. §1331, the Court has Federal Question Jurisdiction over Plaintiff's

25      claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq,* ("FDCPA").

26  4.  Pursuant to 28 U.S.C. §1331, the Court has Federal Question Jurisdiction over Plaintiff's

27      claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq,* ("TCPA").

28

5. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*, ("RFDCPA") because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA and TCPA.

## VENUE AND INTRADISTRICT ASSIGNMENT

6. Pursuant to 28 U.S.C. §1391(b)(2), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

7. Assignment to the San Jose Division is appropriate because Plaintiff's claims arose in Santa Clara County.

## FACTS COMMON TO ALL COUNTS

8. Defendant regularly uses the telephone and mails to collect debts that are owed to others in a business the principal purpose of which is the collection of debts.

9. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

10. Defendant is a "debt collector" as defined by the RFDCPA, California Civil Code §1788.2(c).

11. Defendant attempted to collect from Plaintiff a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5), which Plaintiff allegedly owed to JP Morgan Chase, NA in connection with a bank account that Plaintiff maintained for personal, family, or household purposes.

12. The alleged debt arose from a "consumer credit transaction" as defined by the RFDCPA, California Civil Code §1788.2(e).

13. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3), because Defendant has alleged that Plaintiff owes a debt.

14. On or around May 17, 2010, Defendant mailed Plaintiff a letter demanding payment of the debt.

15. On or around June 1, 2010, Plaintiff mailed Defendant a letter in which Plaintiff disputed the debt and instructed Defendant to "cease any and all attempts to collect this sum from me."

16. With this letter Plaintiff attached copies of bank account statements showing that Plaintiff had already paid the debt and that JP Morgan Chase actually owed Plaintiff $0.72.

17. Plaintiff also sent a copy of this letter to the Federal Trade Commission.

18. On June 15, 2010, Defendant mailed Plaintiff a letter in connection with the collection of the debt.

19. On or around September 2, 2010, Defendant telephoned Plaintiff in connection with the collection of the debt.

20. During this communication, Defendant falsely represented that a judgment would be entered against Plaintiff if she did not pay Defendant despite the fact that Defendant did not know whether a lawsuit would ever be filed against Plaintiff and certainly did not know if a judgment would ever be entered against Plaintiff in such a case.

21. On numerous occasions throughout September 2010, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone number and left a prerecorded voice message in Plaintiff's voicemail.

22. Defendant did not have Plaintiff's prior express consent to call Plaintiff's cellular telephone.

23. Any consent to call Plaintiff's cellular telephone that could be claimed by Defendant was revoked by Plaintiff's letter of June 1, 2010 instructing Defendant to cease any and all attempts to collect the debt.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c(c) by communicating with Plaintiff to collect the debt despite receipt of written instructions from Plaintiff to cease communications.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## COUNT THREE

### Violation of the Rosenthal Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated California Civil Code § 1788.13(j) by falsely representing that a legal proceeding had been, was about to be, or would be instituted against Plaintiff unless payment of the debt was made.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on numerous occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system and a prerecorded voice without Plaintiff's prior express consent.

**JURY DEMAND**

32. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

33. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, costs, and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. §1692k.

    b.  Judgment against Defendant for actual damages, statutory damages, and reasonable attorneys' fees and costs pursuant to the RFDCPA, California Civil Code § 1788.30.

    c.  Judgment against Defendant for statutory damages pursuant to the TCPA, 47 U.S.C. § 227(b)(3).

    d.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _Christine Pham_
Christine Pham
260 California Street, Suite 801
San Francisco, CA 94111
Tel: 866.339.1156
Fax: 312.822.1064
Email: cph@legalhelpers.com
*Attorneys for Plaintiff*

Complaint - 5